# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

**THOMAS ADDO OFORI**              **CIVIL ACTION NO. 3:15-cv-0029**
**A #206-372-674**

**SECTION P**

**VERSUS**

**JUDGE ROBERT G. JAMES**

**ALICE MILLER, ET AL.**              **MAGISTRATE JUDGE HAYES**

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss, [doc. # 14], filed by Respondents Alice M. Miller, James F. Polivka, Nancy L. Healey, and Michael Chertoff.  Pursuant to Standing Order 3.311 and 28 U.S.C. § 636(b)(1)(B), the District Court referred the Motion to the undersigned Magistrate Judge for report and recommendation.  For reasons explained below, it is recommended that the Motion to Dismiss be **GRANTED**.

## Background

Thomas A. Ofori filed the instant *pro se* Petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on February 5, 2015.  [doc. # 4].  At the time of filing, Petitioner was an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/ICE), and he was housed at the Tensas Parish Detention Center in Waterproof, Louisiana.  [doc. # 1].  He was subsequently transferred to the Etowah County Jail in Gadsden, Alabama, where he awaited removal to his native country. [doc. # 6].

Petitioner alleges that he is subject to a final order of removal and that, despite his cooperation, DHS/ICE will not release him from custody.  [doc. # 4].  He argues that Respondents, by detaining him in excess of six months have violated his constitutional rights.

*Id.*  Thus, he asks the Court to declare that his continued, indefinite detention is unlawful and to order Respondents to release him on supervision.  *Id.*

On June 3, 2015, Respondents filed the instant Motion to Dismiss in lieu of answering. [doc. # 14].  Respondents maintain that Petitioner has been released and that, consequently, his Petition is moot.  [doc. # 14-1].  In support, they present a printout from an electronic ICE database stating that Petitioner was released from custody under order of supervision on March 24, 2015.  [doc. # 14-2, p. 2].  They also present the declaration of Bryan Pittman, a Supervisory Detention and Deportation Officer with ICE, wherein Officer Pittman verifies that the aforementioned printout is a "true and correct copy of an EADM document in the official [ICE] database pertaining to Thomas Addo Ofori." *Id.* at 1.

The briefing deadline has lapsed and Petitioner has not responded to Respondents' Motion.  Accordingly, the Motion is deemed unopposed.[1]  [doc. # 16].  The matter is now before the Court.

## Law and Analysis

It is axiomatic that federal courts are courts of limited jurisdiction.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  The burden of establishing federal jurisdiction rests on the party invoking the federal forum.  *Id*.  Pursuant to Rule 12(b)(1), "the district court has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases:  (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of

---

[1] Of note, the United States Postal Service returned the Notice of Motion Setting, issued by the Clerk of Court, with the following notation, "Return to Sender – Refused  – Unable to Forward."  [doc. # 19].

disputed facts." *Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013) (citation and internal quotation marks omitted).  Further, a district court should dismiss where "it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Venable v. Louisiana Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013) (citations omitted).  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted).  Lack of subject matter jurisdiction may be raised at any time.  *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).

In addition, mootness constitutes a threshold jurisdictional inquiry.  *Louisiana Environmental Action Network v. U.S. E.P.A.*, 382 F.3d 575, 580-81 (5th Cir. 2004) (citation omitted).  If the parties resolve a dispute, or if the dispute disappears because of changed circumstances, then the matter becomes moot and a case or controversy no longer exists.  *See LEAN, supra; Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir. 1999).  "The case or controversy requirement of Article III of the Constitution requires a plaintiff to show that he and the defendants have adverse legal interests."  *Bauer v. Texas*, 341 F.3d 352 (5th Cir. 2003) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 57 S. Ct. 461 (1937)).  Courts lack jurisdiction when plaintiffs fail to satisfy Article III's "case or controversy" requirement.  *Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006).

A petition for writ of *habeas corpus* under 28 U.S.C. § 2241 presupposes that the petitioner is "in custody."  *See* 28 U.S.C. § 2241(c).  "Although an applicant need not be in actual physical custody to pursue a habeas action, there must be some type of restraint on the

liberty of a person." *Merlan v. Holder*, 667 F.3d 538, 539 (5ᵗʰ Cir. 2011) (citations omitted).
Here, the evidence establishes that Petitioner is no longer in Respondents' custody.  Further,
because the only relief Petitioner seeks is release from custody, the undersigned concludes that
Petitioner's challenge to his post-removal-order detention does not present a justiciable case or
controversy; therefore, the Court lacks subject matter jurisdiction.  In the absence of subject
matter jurisdiction, dismissal is required.  FED. R. CIV. P. 12(b)(1).

**Conclusion**

For the above-assigned reasons, IT IS RECOMMENDED that Respondents' Motion to
Dismiss, [doc. # 14], be **GRANTED** and that the Petition for writ of *habeas corpus*, [doc. # 4],
be **DISMISSED**, without prejudice, for lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and FRCP Rule 72(b), the parties have
**fourteen  (14) days** from service of this Report and Recommendation to file specific, written
objections with the Clerk of Court.  A party may respond to another party's objections within
**fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or
response or request for extension of time shall be furnished to the District Judge at the time of
filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED
FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS
REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE
SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,
FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL
FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 6th day of July, 2015.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE